# BRAVERMAN | GREENSPUN
A PROFESSIONAL CORPORATION

March 7, 2024

<u>BY ECF and Email</u>

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:  *Khatskevich v. Shapiro et al*, 23-cv-9160 (KPF)

Dear Judge Failla:

    As counsel to defendant Len Shapiro ("Shapiro), and in accordance with Rule 4.A of Your Honor's Individual Rules, I submit this pre-motion letter to state the bases on which Shapiro seeks to move under Rule 12(b)(6) to dismiss the complaint as against him.  Mr. Brennan, plaintiff's counsel, does not consent to the relief sought by the proposed motion.

    The complaint names Allen Kaye ("Kaye") and Shapiro as defendants and asserts two claims against each of them:  (i) for participating in a violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589(b); and (ii) for conspiring to violate TVPA § 1589, in violation of TVPA § 1594(b).  Kaye, as I was told by a former colleague of his after Shapiro had been served, is in his late 80's and no longer competent, so whether those claims have merit as against him may never be known.  But as against Shapiro, the claims, each based on the same conclusory and implausible allegations, are deficient as a matter of law and time-barred as well.

A.    <u>The Nature of the Complaint</u>

    The complaint is the latest suit brought by Yevgeniya Khatskevich ("Plaintiff"), who for 10 years has been litigating claims she first brought in 2014 against Adam Victor ("Victor"), a wealthy New York businessman for whom she worked between December 2012 and October 18, 2013 (¶¶25, 66).  *See, e.g., Khatskevich v. Victor et al.*, No. 151658/2014 (Sup. Ct. N.Y. Co.) (the "Victor Litigation").  Victor, though not named a defendant here, nonetheless lies at the heart of the complaint.  Most of the complaint is devoted to allegations that Victor, beginning in December 2012, forced Plaintiff to work for him by threatening her with deportation and engaging in other improper acts.  The complaint's only allegations against Shapiro (at, e.g. ¶¶37-41) are that he and Kaye aided Victor's trafficking by helping him prepare an H1-B visa for Plaintiff, in March 2013, that allegedly contained various false statements.

    Shapiro, a resident of Florida, is a 79-year-old engineer and the owner of Energy Resources Group, Inc. ("ERG"), a Florida-based project engineering consulting firm.  Although the complaint refers to Shapiro as "Victor's de facto second in command" (¶39), Shapiro was never employed by and did not manage any of Victor's companies.  The claims against Shapiro

Honorable Katherine Polk Failla
March 7, 2024
Page 2

fail as a matter of law, but if there were ever discovery in this matter, it would further show that, excluding two contractual commissions arranged around 2011, neither Shapiro nor ERG was paid by Victor or his companies after February 2013 – a fact found by the judge in the Victor Litigation, as the Court will be able to take judicial notice of; that Shapiro was in Florida, recovering from an illness, when the H1-B visa application at issue was prepared in March 2013; and that he had no role in preparing the application and received nothing for it.

B.     The Complaint Fails to State a Valid Claim Against Shapiro

As this Court has often stated, "[a] complaint will survive a motion to dismiss if it alleges 'enough facts to state a claim to relief that is plausible on its face.' [Citing, e.g., *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" [Citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*" *Halim v. Kind LLC*, 2023 U.S. Dist. LEXIS 226610, at *7 (S.D.N.Y. Dec. 20, 2023) (KPF).

Here, the complaint fails to meet that test as against Shapiro. TVPA § 1589(a), which only Victor is alleged to have violated, punishes "(a) [w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of," various means set forth in the statute.[1] Under § 1589(b), which Shapiro is alleged to have violated:

> Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).[2]

As against Shapiro, the complaint pleads those elements with "[t]hreadbare recitals" supported by "mere conclusory statements" – even though Plaintiff has had the benefit of 10 years of discovery in the Victor Litigation regarding the events underlying her complaint. Thus:

- Shapiro is alleged "on information and belief" to have "assisted" Victor in "applying for, pursuing and obtaining" the H1-B visa (¶36), saying that Shapiro helped Victor "in generating and compiling the information needed to complete the application" (¶40); and in, "upon information and belief," "drafting the narrative portions of the application, including a letter signed by Victor to USCIS . . . " (¶41). Those allegations are pure conjecture: they do not say, among other things, what information Shapiro "generat[ed]" or "compil[ed]; whether that

---

[1] Those means include "force, threats of force, physical restraint, or threats of physical restraint to that person or another person"; "serious harm or threats of serious harm to that person or another person"; and "the abuse or threatened abuse of law or legal process."

[2] A private right of action, set forth in §1595(a), was added to the TVPA in 2003.

particular information was truthful; or whether Shapiro's role, had there been one, was negligible compared to Kaye's – Kaye, after all, was an immigration lawyer, while Shapiro is an engineer.

- Shapiro and Kaye, "upon information and belief," allegedly knew that the "statements in the [H1-B] application were false when they worked on" the application (¶45; *see also* ¶55). But the complaint never states how Shapiro, a consultant under contract, would have known that considering he was not employed by any of Victor's companies. It never alleges, for example, any specific communications between Shapiro and either Victor or Kaye regarding the application or its contents, stating only (at ¶86) that Victor was "in direct communication with Kaye and Shapiro" during the time Victor was allegedly engaged in trafficking.

- The sole allegation that Shapiro knowingly benefitted from participating in Victor's alleged venture is the last alleged fact (¶88) – that Kaye and Shapiro "were paid by Victor and/or entities that he controlled" from March 2013 to August 2018. That allegation, implausible to begin with, does not say what Shapiro was paid, by whom, in what form, as part of what projects, at what times, in what amounts, and so on. It alleges no facts at all.

Faced with conclusory allegations like those here, courts nationwide have consistently dismissed labor and sex trafficking claims for failure to plead facts supporting the requisite statutory elements.[3] The conspiracy claim fails for the same reasons, as well as because no "agreement" is alleged in support of the venture. *See Doe v. Deutsche Bank Aktiengesellschaft*, 2023 U.S. Dist. LEXIS 75503, at *44-*45 (S.D.N.Y. May 1, 2023) (JSR) (dismissing TVPA conspiracy claim against bank for its lack of agreement with bank client engaged in trafficking).

C.     The Complaint Is Time-Barred

As against Shapiro, the complaint is also time-barred. Under TVPA § 1595(c)(1), "[n]o action may be maintained under subsection (a) unless it is commenced not later than the later of – (1) 10 years after the cause of action arose . . ." Here, the complaint was filed on October 18, 2023, and the only wrongful act that Shapiro is accused of – helping Victor prepare a fraudulent H1-B visa – is alleged to have occurred in March 2013, well over ten years earlier. Although the complaint alleges (at ¶91) that Shapiro's "participation" in Victor's venture was "an on-going violation" because "Shapiro knowingly benefitted" from the venture for its duration, the allegation states no facts and is as conclusory as ¶88. It does not toll the statute of limitations.

Respectfully,

/s/ Steven B. Feigenbaum
Steven B. Feigenbaum

cc:  John T. Brennan (by ECF)

---

[3]     *E.g.*, *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F. Supp. 3d 761, 794-95 (E.D. Mich. 2021) (dismissing labor trafficking claims for failure to plead knowledge requirement); *Noble v. Weinstein* 335 F. Supp. 3d 504, 523-525 (S.D.N.Y. 2018) (dismissed "participation" claims against co-chair of company because no facts alleged that he knew of brother's sex trafficking of plaintiff); *J.M. v. Choice Hotels Int'l, Inc.*, 2022 U.S. Dist. LEXIS 190054, at *10-*12 (E.D. Cal. Oct. 17, 2022) (dismissing sex trafficking claims for failure to plead knowledge, participation requirements).