The Law Office of John T. Brennan
151 East Fourth Street, No. 1A
Brooklyn, New York 11218
(347) 785-3005
lawoffjtb@gmail.com

March 12, 2024

<u>VIA ECF</u>
The Hon. Katherine Polk Failla
U.S. Dist. Court Judge
U.S. District Court for the Southern
    District of New York
40 Foley Square
Courtroom 618
New York, New York 10007



    Re:    *Khatskevich v. Shapiro, et al.,* 23 -cv- 9160 (KPF)(S.D.N.Y.)

Dear Judge Failla:

    I represent Yevgeniya Khatskevich, the plaintiff in the above captioned case, and respectfully submit this letter in response to defendant's pre-motion letter dated March 7, 2024.

    Defendant contends that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and, additionally, because it is time barred. As demonstrated below, given that, on a motion to dismiss, the factual allegations of the complaint must be taken as true and all inferences must be drawn in plaintiff's favor, defendant's arguments are not well taken.

### 1.     The Standard of Review

    To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face. A "plausible" claim is one "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lumpkin v. Berhm,* 230 F. Supp.3d 178, 182 (S.D.N.Y. 2017)(denying motion to dismiss). I respectfully submit that plaintiff's complaint is more than sufficient under this standard.

### 2.     The Stated Basis for Defendant's Proposed Fed. R. Civ. P. 12(b)(6)
###         Motion Is Deficientient

    Generally speaking, the basis for defendant's proposed Fed. R. Civ. P. 12(b)(6) motion is that plaintiff has failed to plead sufficiently detailed facts explaining how he could ever be held liable for benefitting from Victor's trafficking of Ms. Khatskevich. *Khatskevich v.*

*Shapiro,* Civil Action No. 23-9160 (KPF)(S.D.N.Y.)("Trafficking Case"), Dkt. No. 20 at 2. Defendant is able to put forth this argument only by ignoring many of the complaint's well pleaded allegations.

For example, Defendant essentially acknowledges that Mr. Victor did engage in the labor trafficking of plaintiff and that defendant "worked – at the time – as Victor's de facto second in command." Trafficking Litigation, Dkt. Entry No. 20 at 2 (noting that Mr. Victor is alleged to have violated the Trafficking Victims Protection Act); *id.*, Dkt. Entry No. 1, ¶39 (quoting Mr. Victor's deposition testimony that he had "subcontracted" the "day-to-day" management of of his companies to Mr. Shapiro). Yet, defendant then has the temerity to question the adequacy of the complaint, wondering how he would have known about the trafficking, given that he was not Victor's employee and only worked as a consultant. Trafficking Litigation, Dkt. Entry No. 20 at 3. The answer is obvious and spelled out in detail in the complaint: Mr. Shapiro would have known because one of the detailed allegations of the complaint states that he was second in command of all of Victor's operations. Ignoring the complaint is not a basis for dismissing its claims. *In re Electronic Books Antitrust Litigation,* 859 F. Supp.2d 671, 688 (S.D.N.Y. 2012)(denying Fed. R. Civ. P. 12(b)(6) because, among other things, defendant ignored the allegations of the complaint).

Similarly, Mr. Shapiro acknowledges that the complaint alleges that he assisted Mr. Victor in putting together the H1-B visa application benefiting plaintiff. Trafficking Litigation, Dkt. Entry No. 20 at 2. His purported problem is that these "allegations are pure conjecture: supposedly, they do not say, among other things, what information Shapiro "generat[ed]" or "compil[ed]; whether that particular information was truthful; or whether Shapiro's role, had there been one, was negligible compared to Kaye's . . . ." *Id.* at 2-3. To the contrary, the complaint specifically alleges the information that Mr. Shapiro – acting in his capacity as Mr. Victor's de facto COO – included in the visa application, knowing it was false. Trafficking Litigation, Dkt. Entry No. 1, ¶¶50-55. Per the complaint, he wrote major portions of the application (*id.*, ¶50), the application contained false statements regarding Mr. Victor's business and the duties Ms. Khatskevich was to perform in service of those businesses (*id.*, ¶¶51-54) and he knew those aspects of the application were false when he wrote them, including a dozen or so false statements specifically enumerated in the complaint. *Id.* at ¶¶54-55. Submitting knowingly false immigration documents is sufficient to support a trafficking violation. Moreover, eliding the complaint does not make for a successful Fed. R. Civ. P. 12(b)(6) motion. *In re Electronic Books Antitrust Litigation,* 859 F. Supp.2d at 688.

Finally, defendant complains that only ¶88 of the complaint alleges that Mr. Shapiro was paid by Mr. Victor. Trafficking Litigation, Dkt. Entry No. 20 at 3. While true, this argument is irrelevant. The statute at issue requires only that Mr. Shapiro "knowingly benefit[ed]" from a that has "engaged in [labor trafficking]." 18 U.S.C. §1589(b)(quoted at Trafficking Litigation, Dkt. Entry No. 20 at 2). Plaintiff has alleged that Mr. Victor paid Mr. Shapiro from 2013 through 2018 for, among other things contributing to the trafficking of plaintiff. That defendant has chosen to call this allegation "implausible" (*id.* at 2) does not mean that anything more from plaintiff is required at this point. All of the issues he points to – who paid him, how much they paid him, for what projects, when, etc. – must await discovery. They are not required to be included in the complaint. Fed. R. Civ. P. 8(a)(2); *Lee v. Karaoke City,*

1:18 -cv- 3895 (PAE), Slip Op. at 9-10 (S.D.N.Y. 2020)(denying Fed. R. Civ. P. 12(b)(6) motion: "defendants merely raise factual issues that cannot be resolved on the pleadings, but instead await discovery").

As he avoids the specific allegations of the complaint and ignores the standard of review applicable to a motion made pursuant to Fed. R. Civ. P. 12(b)(6), Mr. Shapiro has failed to assert proper grounds for such a motion.

## 2. *Plaintiff's Was Timely Filed*

Mr. Shapiro contends that the complaint was not filed within the applicable statute of limitations. Trafficking Litigation, Dkt. Entry No. 20 at 3. He fails to apprehend that not only has plaintiff alleged that defendant participated in an on-going violation of the TVPA that extended into 2018 – *i.e.,* well within the statute of limitations – but that the "continuing violation doctrine" applies to trafficking claims. As the court determined in *Ali v. Khan*, 336 F. Supp.3d 901, 910 (N.D. Ill. 2018), in a case brought under 18 U.S.C. §1589:

> Construing the [complaint] in the light most favorable to [plaintiff], as the court must, [s]he has alleged that [defendant] continued to [derive benefits from the trafficking . . . for at least some period of time within ten years of the date [s]he filed h[er] [c]omplaint. In situations like this, where a plaintiff's injury arises from a "numerous and continuous series of events" that extends into the statutory period . . . the "continuing violation" doctrine permits a plaintiff "to reach back to the beginning of a claim even if that beginning lies outside of the statutory period."

Defendant's statute of limitations contentions must await discovery with respect to what happened when.

Should the Court require anything from me, please contact me.

Respectfully submitted,

John T. Brennan

cc:     Steven B. Feigenbaum (via ECF)

3

The Court is in receipt of Defendant Shapiro's letter seeking a pre-motion conference in anticipation of the filing of a motion to dismiss (Dkt. #20), as well as Plaintiff's response (Dkt. #21).

The parties are hereby ORDERED to appear for a telephone conference regarding the motion on **April 4, 2024,** at **12:00 p.m.** The dial-in information is as follows: At 12:00 p.m., the parties shall call (888) 363-4749 and enter access code 5123533.

The Clerk of Court is directed to terminate the pending motion at docket number 21.

Dated:     March 15, 2024          SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE