UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

YEVGENIYA KHATSKEVICH,

                Plaintiff,                Case No. 23-cv-9160 (KPF)

    v.

ALLEN E. KAYE and LEN SHAPIRO,

                Defendants.
_____

## STIPULATED PROTECTIVE ORDER

WHEREAS, during the course of discovery and otherwise, the parties and third-parties may produce commercial information or documents that should be protected against public disclosure;

WHEREAS, Plaintiff also believes that the commercial information or documents produced in this case could bear on and be relevant to the proceedings not only in this case, but also in *Khatskevich v. Victor, et al.,* Index No. 151658/2014 (Sup. Ct. N.Y. Co.) (Hagler, J.), *Toktassynova v. Victor, et al.,* Index No. 162327/2014 (Sup. Ct. N.Y. Co.) (Hagler, J.) and *Victor, et al. v. Khatskevich, et al.,* Index No. 158981/2014 (Sup. Ct. N.Y. Co.) (Hagler, J.) (collectively, "the New York State Litigations"); and

WHEREAS, the Court has found that good cause exists for entry of this Stipulated Protective Order;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendant Leonard Shapiro, by and through their undersigned counsel, as follows:

1. This Stipulated Protective Order (the "Order") applies to "Confidential Information," as defined below, produced, or otherwise disclosed, by any of the parties and to any third parties, as set forth more fully below.

2. The term "Confidential Information" as used in this Order means any record, document, compilation, spreadsheet, or other information produced or disclosed by any party that the producing or disclosing party reasonably and in good faith believes constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client or customer information concerning individuals or entities, or account information; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. For the avoidance of doubt, "Confidential Information" as used in this Order shall not include information derived exclusively from any public source or through discovery in another matter that is not subject to a protective order or confidentiality agreement, regardless of whether such information is duplicative of the information contained in the documents produced or disclosed by the producing or disclosing party.

3. The producing or disclosing party may designate any such record, document, compilation, spreadsheet, or other information for protection under the terms of this Order by affixing the term "CONFIDENTIAL" to each page that it has good cause to believe contains Confidential Information or by otherwise identifying the record, document, compilation, spreadsheet, or other information, or part thereof, that contains Confidential Information. A third party that is not a party to the Action and that produces or discloses records, documents, compilations, spreadsheets, or other information in connection with this Action may designate such material as Confidential Information for protection under the terms of this Order by following the procedures set forth in this Order.

4. If any receiving party contends that materials designated by any producing or disclosing party should not be deemed Confidential Information under this Order, they shall so notify the producing or disclosing party within 14 days from the receipt of such designation. Upon receipt of such notification, the producing or disclosing party and the receiving party shall meet and confer within seven days, or such other time to which they agree, to attempt to resolve the dispute by agreement. If the producing or disclosing party and the receiving party are unable to resolve the dispute by agreement, either the producing or disclosing party or the receiving party may seek relief from the Court in accordance with its rules and procedures. Until the Court rules on the dispute, the protections provided by this Order shall continue.

5. Any receiving party shall not use or disclose Confidential Information for any purpose other than in the above-referenced action (the "Action") and, subject to the condition in this paragraph 5, the New York State Litigations. Consistent with the obligations set forth in this Order, Confidential Information may be used in connection with any application, motion, hearing, trial or other proceeding in the Action. If any receiving party seeks to use or disclose Confidential Information for any other purpose – including if Plaintiff seeks to do so in the New York State Litigations – that party shall seek the written consent of the producing or disclosing party and, if unable to obtain such consent, shall seek, on notice to the producing or disclosing party, the permission of the Court in which the Confidential Information is sought to be used.

6. Once Confidential Information is produced or disclosed, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons who may make use of such information only in connection with the Action:

      (a)    Counsel who represent parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof, for use in accordance with this Order;

      (b)    Experts or consultants assisting counsel for those parties in the Action, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Order, as set forth in Section 7 below;

      (c)    Potential or anticipated witnesses, and their counsel, in the Action;

      (d)    The Court and personnel of the Court;

      (e)    Court reporters employed in connection with the Action; and

      (f)    Any person who may be examined as a witness in the Action.

7.    Before counsel may show or disclose Confidential Information to any witnesses pursuant to Sections 6(c) or (f), or to any expert or consultant, except at trial, pursuant to Section 6(b), that witness, expert or consultant shall be provided a copy of this Order and must sign the agreement, annexed as Exhibit A, to be bound by this Order.  Any disclosure of Confidential Information to experts and/or consultants pursuant to Section 6(b) must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of this Action.

8.    The inadvertent disclosure by any producing or disclosing party of any record, document, compilation, spreadsheet, or other information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and producing or disclosing party shall have the right to proceed under Rule 26(b)(5) of the Federal Rules of Civil Procedure, including to seek the return or destruction of the record, document, compilation, spreadsheet, or other information.

9. This Order shall not be construed as requiring any producing or disclosing party or, if applicable, any branches or subsidiaries thereof, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered as a waiver of the right of any producing or disclosing party to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

10. All Confidential Information that is filed with the Court or the New York State Litigations, and any pleadings, motions, exhibits or other papers filed that reference or contain Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Confidential Information contained in filed documents may alternatively be redacted to the extent the redacted information is not material to the purpose for which the document is filed.

11. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12. The obligations under this Order shall survive the termination of the Action and shall continue to bind the parties and any persons or entities to whom Confidential Information is disclosed and who become bound by this Order.

13. This Order may be signed by counsel in counterparts, with the same force and effect as if all signatures appeared on one document and email copies of signatures shall also have the same force and effect as original signatures.

14. Except to the extent that federal law may be applicable, this Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to its conflict-of-law principles.  Any dispute arising under this Order shall be resolved by making an appropriate application to this Court in accordance with the Federal Rules of Civil Procedure, the applicable local rules, and the Court's Individual Rules of Practice.

```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any time.
The Court will retain jurisdiction over the terms and conditions
of this agreement only for the pendency of this litigation.  Any
party wishing to make redacted or sealed submissions shall comply
with Rule 9 of this Court's Individual Rules of Civil Procedure.
```

SO ORDERED:

*Katherine Polk Failla* (signature)

_____
Honorable Katherine Polk Failla, U.S.D.J.

May _9_, 2025

New York, New York

| THE LAW OFFICE OF JOHN T. BRENNAN | BRAVERMAN GREENSPUN P.C. |
|---|---|
| ____/s/ *John T. Brennan*_____ | _____/s/ *Steven B. Feigenbaum*_____ |
| John T. Brennan | Steven B. Feigenbaum |
| 151 East 4th Street, No. 1-A | 110 East 42nd Street, 17th Floor |
| Brooklyn, New York 11218 | New York, New York 10017 |
| (347) 785-3005 | (212) 682-2900 |
| lawoffjtb@gmail.com | sfeigenbaum@braverlaw.net |
| *Attorney for Plaintiff* | *Attorneys for Defendant Leonard Shapiro* |

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have been informed that on May _____, 2025, the United States District Court for the Southern District of New York entered a Stipulated Protective Order (the "Order") in the litigation captioned *Khatskevich. v. Kaye et al.*, Case No. 23-cv-9160 (KPF).

I have read the Order, agree to abide by the obligations of the Order as they apply to me, I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Information or any words, summaries, abstracts or indices of the Confidential Information disclosed to me, and I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding related to the Order, including my receipt or review of information that has been designated as "Confidential Information."

I acknowledge that my duties under the Order shall survive the termination of this case and are permanently binding and that the failure to comply with the terms of the protective order may result in the Court's imposition of sanctions.

Printed name: _____

Signature: _____

Date: _____